### SHIMP v. STURGIS NATIONAL BANK.

MORTGAGES—DISCHARGE—ACCOUNTING.

In suit for accounting and discharge of mortgage on ground that mortgagee had accepted land contract and agreed to give credit therefor on mortgage, decree dismissing bill, *held*, justified by record.

Appeal from St. Joseph; Reid (Neil E.), J., presiding. Submitted October 9, 1931. (Docket No. 66, Calendar No. 35,461.) Decided January 4, 1932. Rehearing denied March 3, 1932.

Bill by Edward W. Shimp and another against Sturgis National Bank for an accounting. Decree for defendant. Plaintiffs appeal. Affirmed.

*William E. Ware,* for plaintiffs.

*Raymond H. Dresser,* for defendant.

Wiest, J. Plaintiffs are husband and wife and formerly conducted a grocery business in a rented building in the city of Sturgis. They denied a community of interest in such business, but the proofs established the contrary. They wanted a store building of their own and purchased a lot and mortgaged the same to George W. Schaeffer for $3,000. Needing more money, they mortgaged the same property to the defendant bank for $6,000. It was the intention to employ $3,000 of this mortgage in taking up the Schaeffer mortgage, and the bank issued its certificate of deposit for that sum, payable to Mr. Schaeffer. Mr. Schaeffer refused to accept it and was not obliged to do so because his mortgage had several years to run. The certificate of deposit was then credited to Mr. Shimp's account at the bank, and the whole $6,000 used by plaintiffs in constructing their new building and in the conduct of their grocery business. The new building cost more than plaintiffs anticipated, and, to pay materialmen, they executed to the bank a chattel mortgage for $4,600 on their stock of groceries and fixtures. This sum was paid out by the bank to materialmen and also to Mr. Shimp in his conduct of the grocery business.

Later on, plaintiffs conveyed to Fred E. English and Carrie E. English a dwelling located on East Chicago street, in Sturgis, subject to a mortgage thereon of $2,000, and received as consideration property owned by Mr. and Mrs. English, and by them sold on land contracts to third parties, and Mr. and Mrs. English assigned their vendors' interests to plaintiffs. The land contracts were deposited with the bank as collateral security to loans made Mr. Shimp. The interest of plaintiffs in the Chicago street property was estimated to be of the

value of $4,000, and the land contracts assigned to them were taken at a value of $3,758.27, and Mr. English gave his check for $241.73 to make up the $4,000.

Plaintiffs claimed that the deal with Mr. and Mrs. English was brought about by the bank under an agreement that the bank would take the land contracts and credit plaintiffs with $4,000 on the mortgage. Mr. Shimp claimed that he was not the mover in the matter, did not examine the property, and left the whole matter to the bank under the alleged agreement. In this he was mistaken. He had placed the East Chicago street property in the hands of a real estate broker, and that broker found the purchaser, and the transaction was handled by Mr. Shimp, with the aid of the bank cashier, and Mr. Shimp was the one who wanted the exchange to be made and consented that the land contracts be held by the bank as collateral security.

The bill herein was filed upon the claim that the mortgage held by the bank was satisfied by the alleged agreement; the bank having accepted the land contracts and the check at a value of $4,000. Plaintiffs asked for an accounting and discharge of the mortgage. The circuit judge found there was $4,000, together with interest, due on the mortgage, and dismissed the bill. Defendant asked for no affirmative relief.

The testimony took a wide range, and we have before us a record of 521 pages, but in the last analysis, the issue was as stated by Mr. Shimp:

"My contention is that I should have been credited with $4,000 at the time of the sale of the East Chicago street property."

The record has been read with care, and we agree with the holding of the circuit judge. Further re-

view of the testimony would but lengthen this opinion and be of no benefit to the profession.

The decree is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.